## LOU. E. STEPHENS V. T. W. STEPHENS.

### IN SUPREME COURT, TYLER TERM, 1884.

*Divorce—Service.*—In suits for divorce, prosecuted by one whose *status* the state has a right through its courts to determine, service on a non-resident defendant may be made otherwise than by actual service upon such person within the state, and the court thus acquire jurisdiction to declare the status of a citizen.

*Same.*—Such mode of procedure must be strictly pursued in order to give the court jurisdiction to render a judgment *in personam.*

*Same—Judgment Set Aside.*—In a direct proceeding for that purpose, a judgment granting a divorce should be set aside when it is made to appear that the requirements of the statute were not complied with, and that the return made to the citation showing actual service was false.

Appeal from Camp county.

This is an action to set aside a judgment rendered in the district court for Camp county on May 11, 1883, whereby a divorce was granted to the appellee.

The petition in this cause was filed June 10, 1882, and the ground upon which the relief is sought is, that there was no service made on the appellant in the former suit in any methods known to the law. She also alleged that the judgment was based on a false return of service fraudulently made by her husband, or his agent or attorney acting for him in this suit. The petition also alleges that the grounds set out in the petition for divorce did not exist, and also alleges the intention of the appellee to marry again, and asked an injunction to restrain him from so doing. The injunction was granted and the writ issued June 10, 1882, and was served on the fifteenth, and on the twelfth of the same month the appellant married another woman.

It appears that Mrs. Stephens was in Florida at the time service in the divorce suit was desired on her, and citation issued under the provisions of Articles 1230, 1234, Revised Statutes,

We find in the record a paper which appears to be a citation issued in accordance with the statute referred to, on which is a return and affidavit as required by the statute, showing that service had been duly made on Mrs. Stephens on April 13, 1882, by one James

J. Clark. It does not appear that this citation, return and affidavit were marked and filed by the clerk of the court.

The judgment rendered on May 11, 1882, declared that it appeared to the court "the defendant had been duly served with personal notice as in such cases is made and provided."

The petition in this cause, in addition to the relief before stated, also sought a divorce on grounds therein stated.

The defendant filed general and special demurrers, which were overruled. One of the demurrers questioned the right of the appellant there to maintain an action for divorce against her husband, she not being a resident of Camp county.

This cause was tried without a jury, and it was proved by two persons, one of them being the person whose name was signed to the return on the citation, that no personal service whatever was made on the appellant.

James J. Clark testified as follows : "I am not related to either of the parties. I know such citation or petition of T. W. Stephens against Lou E. Stephens. I know of two. I delivered one to Mrs. A. P. Roberts, who promised to give it to her daughter, Mrs. L. E. Stevens ; the other I returned to Allen J. Cassaday, from whom I received them. Mrs. Lou E. Stephens was not served with any such paper or papers by me. I intended the return made by me on the paper returned to Allen J. Cassaday to be that I had made service upon Mrs. A. P. Roberts at her place of abode, and so stated to Mr. Cassaday, who replied that was sufficient. Mr. Wm. Fox, a notary public, filled out the return, as I supposed, according to my directions, as I had no spectacles with me, I could not read it. I signed it supposing it to be just as I stated. Subsequently to the above, a lawyer called from Texas, who offered me ten dollars to go and serve another notice upon Mrs. Lou E. Stephens in person. He told me he was one of the attorneys of Mr. T. W. Stephens. I refused to serve them in the manner he proposed. I did take a note to Mr. A. P. Roberts, but did not deliver paper or papers to Mrs. Lou E. Stephens."

Mrs. A. P. Roberts, mother of Mrs. Stephens, fully corroborated the testimony of Clark, aud fixed the date at which the transaction referred to by him occurred.

An issue of fact in relation to service on Mrs. Stephens having been made, and no other citation or return shown than the one to

which Clark testified, it must be held that the recital in the judgment that personal service was made on Mrs. Stephens was based on the return and affidavit of James J. Clark, which, by his evidence and the evidence of others, is shown not to have been correct.

While it is probably true that in actions for divorce prosecuted by one whose *status* the state in which the cause is pending has the right through its courts to determine, service on a non-resident defendant may be made otherwise than by actual service of process on such person within the limits of the state, and that thereby the court can acquire jurisdiction which will empower it to declare the *status* of its own citizen, and that such a decree when rendered will be binding elsewhere; yet, it is essential in such cases to the jurisdiction of a court that the mode of procedure, through which jurisdiction is obtained, be pursued, as that there be personal service within the state, or an appearance in some way in the cause by a defendant, in order to give the court, before which the matter is pending, jurisdiction to render a judgment *in personam*, (Bishop on Marriage and Divorce, 157, 164, and authorities cited and discussed; Freeman on Judgments, 584, and authorities cited; Cooley's Const. Limitations, 401, 406.)

It is provided by the laws of this state that service on non-resident defendants may be made by publication, or by actual service of a citation and a copy of the petition, on the defendant without the state. (Rev. Stats., arts. 1230, 1234.)

In suits of this character, if there be no actual service on the defendant made within the state, or acceptance of service, and no appearance by the defendant, then, in the absence of a substantial compliance with the laws which permit service on a defendant to be otherwise made, a court acquires no jurisdiction to enter a decree granting a divorce. (Edrington v. Allbrooks, 21 Texas, 439; Atkins v. Atkins, 9 Nebraska, 194; Halfern v. Davis, 10 Wis., 445; Fontaine v. Houston, 58 Indiana, 316; Bradley v. Jamison, 46 Iowa, 69.)

The evidence in this case shows, with all reasonable certainty, that the citation or notice and copy of the petition in the cause in which the judgment sought to be set aside in this proceeding was rendered, were never delivered to Mrs. Stephens, and it tends to show that a false return was made, and that with the knowledge of that fact it was imposed upon the court by appellee.

The statute requires personal service on Mrs. Stephens—service

by publication not having been made (Rev. Stats., art. 1232)—and as such service was not made, the court acquired no jurisdiction to render the decree. (Witt v. Kauffman, 25 Tex., Sup., 385; Edrington v. Allsbrook, 21 Tex., 188.) It may be that even in a collateral proceeding a judgment rendered under such circumstances ought not to be held conclusive. This, however, is not a collateral proceeding.

The evidence tends to show that the person to whom the citation and copy of petition were sent, and who delivered them to another to serve, was informed by that other that no one of the papers had been delivered to Mrs. Stephens. If that person was the agent of T. W. Stephens—and such is the inference from the facts proved—then he stands, in law, charged with the khowledge that the return made was false, and his use of it, as if and for a true return, was a fraud upon the court as well as upon his wife, which of itself would be sufficient to require the decree thus obtained to be set aside. (2 Bishop on Marriage & Divorce, 753 *et seq.*, and authorities cited; Freeman on Judgments, 99; Webster v. Reid, 11 Howard, 460.)

The power of court to vacate judgments rendered by them, on grounds such as are set up in this case, has been recognized and enforced in many cases, even when by the judgment of a former term divorce had been granted. (Edson v. Edson, 103 Mass., 590; Willman v. Willman, 57 Ind. 501.; Dunn v. Dunn, 4 Paige's Chancery. 425; Young v. Young, 15 Min., 181; Cobin v. Cobin, 2 Paige, 385; Smith v. Smith, 20 Miss. 167; Bishop on Marriage and Divorce, 751, 753; Freeman on Judgments, 100, 98.)

The facts bearing on the question of the appellee's right to have a divorce decreed to him, under the allegations of his petition, are not contained in the record before us, nor is the case sufficiently developed to enable this court to render such judgment as ought to be rendered; therefore, for the error of the court below in refusing to vacate its former judgment, the judgment will be reversed and the cause remanded that the court below may enter a decree vacating its judgment of May 11, 1882, whereby the bonds of matrimony between Thomas W. Stephens and Lou E. Stephens were declared to be dissolved. After which the cause should stand for trial on the appellee's petition and the appellant's cross bill, and such other pleadings as the parties may, under leave of the court, hereafter file, as though no judgment had ever been rendered in the cause. And it is accordingly so ordered. Stayton, J.